IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CASSANDRA CHALKLEY,

Plaintiff,

v.

STATE OF OREGON; OREGON DEPARTMENT OF HUMAN SERVICES; CROOK COUNTY CIRCUIT COURT; MATTHEW EWING; TERRY EWING; DOES 1-10,

Defendants.

Civ. No. 6:25-cv-00985-AA

**OPINION & ORDER**

AIKEN, District Judge.

Self-represented Plaintiff Cassandra Chalkley seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons set forth below, Plaintiff's IFP Petition, ECF No. 2, is GRANTED. However, the Complaint, ECF No. 1, is DISMISSED with leave to amend and without service on Defendants.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make

two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should

construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

**DISCUSSION**

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, the Court is satisfied with Plaintiff's showing of indigency, ECF No. 2, and the petition will be GRANTED.

The Complaint alleges that in 2022 Plaintiff lost custody of her minor child, presumably to Matthew Ewing, who is alleged to be the child's father. Plaintiff alleges that this was the result of an emergency custody hearing in Crook County Circuit Court. Compl. 2. Plaintiff alleges that she was "later criminally prosecuted in Deschutes County based on family-court generated allegations." *Id.* Plaintiff alleges that California Child Services confirmed that California lacked jurisdiction over child support, although it is not clear what the significance of this allegation is, as the rest of the Complaint concerns events in Oregon. *Id.*

Plaintiff brings claims under 42 U.S.C. § 1983 alleging violation of her Fourth and Fourteenth Amendment rights. Plaintiff also brings a claim under 42 U.S.C. § 1985 and state law claims for malicious prosecution, abuse of process, and intentional infliction of emotional distress ("IIED").

As a preliminary matter, the Court notes that Plaintiff asks that the court enjoin "the enforcement of any child custody order issued by Oregon courts in this matter," and "[r]estore full parental rights to Plaintiff per Utah law." Compl. 2. To the extent that Plaintiff relies on diversity jurisdiction, federal courts generally do not have authority to issue or modify child custody decrees. *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992); *Bailey v. MacFarland*, 5 F.4th 1092, 1097 (9th Cir. 2021). To the extent that Plaintiff asks this Court to alter the terms of a child custody decree already in effect, the Court is without power to grant the requested relief.

Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

## I. *Rooker-Feldman* Doctrine

Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction to hear cases that amount to a collateral attack on a final state court judgment. *Lance v. Dennis*, 546 U.S. 459, 463 (2006). The United States Supreme Court is the only federal court with jurisdiction to hear appeals from state courts. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). *Rooker-Feldman* bars what is, in essence, an appeal from a state court decision and "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial

decision." *Id.* at 1158. Here, Plaintiff alleges that the Oregon state court committed various legal errors and seeks, among other things, the restoration of her parental rights. This appears to be a de facto appeal of the state court's decision and, as such, it is barred by the *Rooker-Feldman* doctrine.

## II. Timeliness

42 U.S.C. § 1983 does not contain a specific statute of limitations. Instead, "federal courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent that any of these laws is inconsistent with federal law." *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014) (internal quotation marks and citation omitted). Oregon's two-year statute of limitations for personal injury actions, ORS 12.110(1) applies to actions brought under 42 U.S.C. § 1983. *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002). Claims brought under 42 U.S.C. § 1985 use the same statute of limitations as claims brought under § 1983. *McDougal v. Cnty. of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991).

Here, Plaintiff alleges that the "unlawful emergency custody proceeding" which forms the basis of her claims occurred in 2022. Compl. 2. The latest point at which Plaintiff could have brought claims arising from that 2022 proceeding was in 2024, and this case was not filed until June 9, 2025. Although the Complaint is largely devoid of details, the bulk Plaintiff's §§ 1983 and 1985 claims appear to be barred by the statute of limitations.

## III. Section 1983 Claims Must Be Brought Against "Persons"

Under 42 U.S.C. § 1983, claims must be brought against "persons" and states are not "persons" for purposes of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). State agencies are likewise not "persons" within the meaning of § 1983 and are not amenable to suit under the statute. *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004).

Here, Defendants State of Oregon, Oregon Department of Human Services, and Crook County Circuit Court are not "persons" and so are not amenable to suit under § 1983. Because no amendment would remedy this defect, the § 1983 claims against the State of Oregon, Oregon Department of Human Services, and Crook County Circuit Court are dismissed with prejudice.

## IV. Eleventh Amendment Immunity

"Generally, States are immune from suit under the terms of the Eleventh Amendment and sovereign immunity." *Whole Women's Heath v. Jackson*, 595 U.S. 30, 39 (2021). Specifically, under the Eleventh Amendment, states are protected from suit in federal court. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 (9th Cir. 2003). That immunity extends to state agencies and "arms of the state." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429-30 (1997). There are two exceptions to the Eleventh Amendment's jurisdictional bar: (1) Congress can abrogate the Eleventh Amendment without the consent of the states in certain situations; and (2) a state may waive its immunity by consenting to suit in federal court but must do so by "the most express language or by such overwhelming implication from the text

as [will] leave no room for any other reasonable construction." *Micomonaco v. State of Washington*, 45 F.3d 316, 319 (9th Cir. 1995) (internal quotation marks and citation omitted).

Here, as noted, Plaintiff seeks to bring claims against both the State of Oregon and its agencies. There has been no abrogation of sovereign immunity under either § 1983 or § 1985. *Milstein v. Cooley*, 257 F.3d 1004, 1007 (9th Cir. 2001); *Price v. Shorty*, 632 F. App'x 211, 212 (5th Cir. 2016); *Barclay v. Oregon Dept. of Justice*, Case No. 6:19-cv-00683-AA, 2019 WL 3806043, at *2 (D. Or. Aug. 13, 2019). Nor has there been any waiver of sovereign immunity by the state Defendants. Plaintiff's claims against the State of Oregon, the Oregon Department of Human Services, and Crook County Circuit Court are therefore dismissed. Because no amendment would remedy this defect, dismissal is with prejudice.

## V. No § 1983 Claim Against Non-State Actors

The only individual Defendants named in this case are Matthew Ewing and Terry Ewing, identified respectively as the father of Plaintiff's child and the child's uncle. Section 1983 only regulates state action and private actors are not generally subject to liability for constitutional violations unless they act "under color of state law." *Sutton v. Providence St. Joseph Medical Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). There is a presumption that "private conduct does not constitute governmental action." *Id.*

Here, the Complaint contains no allegations that the individual Defendants were state actors. The only allegation concerning Matthew Ewing is that he initiated

an emergency custody proceeding in 2022. In addition to being untimely for § 1983 purposes, as discussed in the previous section, that allegation does not describe state action. There are no allegations concerning Terry Ewing in the Complaint.

VI. The *Heck* Doctrine

The Supreme Court has held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been" invalidated. *Heck v. Humphery*, 512 U.S. 477, 486-87 (1994). A § 1983 claim cannot be brought if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

Here, Plaintiff alleges that she was criminally prosecuted, although she does not allege the outcome of that prosecution. To the extent that Plaintiff's § 1983 claims are based on her criminal prosecution in Deschutes County Circuit Court, they are barred by the *Heck* doctrine unless Plaintiff can plead and prove that the prosecution was resolved in some way favorable to her.

**VII. Leave to Amend**

The Complaint, as currently pleaded, fails to state a claim for the reasons discussed in the preceding sections. However, because Plaintiff is self-represented, the Court will give leave to file an amended complaint. In drafting the amended complaint, Plaintiff should bear in mind that the Court does not know anything about

her situation other than what she includes in the amended complaint. Plaintiff should briefly explain who the defendants are, how they have harmed Plaintiff, and why Plaintiff believes they should be held liable for the injury. Plaintiff shall have thirty days from the date of this Order in which to file her amended complaint.

Finally, the Court wishes to clarify that the claims currently pleaded against the State of Oregon, Oregon Department of Human Services, and Crook County Circuit Court have been dismissed with prejudice. Plaintiff may not include those claims in her amended complaint.

## CONCLUSION

For the reasons set forth above, Plaintiff's IFP petition, ECF No. 2, is GRANTED but the Complaint, ECF No. 1, is DISMISSED with leave to amend but without service on Defendants. Plaintiff shall have thirty (30) days in which to file an amended complaint. Plaintiff is advised that failure to submit an amended complaint within the allotted time will result in the entry of a judgment of dismissal without further notice.

It is so ORDERED and DATED this 12th day of June 2025.

/s/Ann Aiken
ANN AIKEN
United States District Judge