IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CASSANDRA CHALKLEY, | Civ. No. 6:25-cv-00985-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| STATE OF OREGON; OREGON DEPARTMENT OF HUMAN SERVICES; CROOK COUNTY CIRCUIT COURT; MATTHEW EWING; TERRY EWING; DOES 1-10, | |
| Defendants. | |

AIKEN, District Judge.

On June 12, 2025, the Court granted Plaintiff's application for leave to proceed *in forma pauperis* but dismissed the Complaint with leave to amend. ECF No. 7. On June 23, 2025, Plaintiff timely filed an amended complaint. ECF No. 9. For the reasons set forth below, this case is DISMISSED.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make

two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should

construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

When the Court dismissed the original Complaint, it explained that (1) the Court could not exercise de facto appellate jurisdiction over the decisions of the Oregon state courts under the *Rooker-Feldman* doctrine; (2) that Plaintiff's claims were untimely because they were based on events that occurred in 2022 and both 42 U.S.C. §§ 1983 and 1985 have two-year statutes of limitations; (3) that Plaintiff could not bring claims under § 1983 against the State of Oregon, Oregon DHS, or Crook County Circuit Court because they were not "persons" within the meaning of the statute; (4) that Plaintiff's claims against the State of Oregon, Oregon DHS, and Crook County Circuit Court were barred by the Eleventh Amendment; (5) that Plaintiff's § 1983 claims against Matthew Ewing and Terry Ewing were barred because there were no allegations that either was a state actor; and (6) that Plaintiff could not base her claims on her criminal prosecution because she did not allege that the prosecution was resolved in some way favorable to her as required by the *Heck* doctrine.

The Court dismissed the claims against the State of Oregon, Oregon DHS, and Crook County Circuit Court with prejudice. Plaintiff was otherwise given leave to amend.

Plaintiff has now filed her Amended Complaint and, while it does contain some additional detail, it is substantively the same as her original Complaint.

First, Plaintiff has brought the same claims against the State of Oregon, Oregon DHS, and Crook County Circuit Court, despite those claims having been previously dismissed with prejudice. Plaintiff was expressly told in the prior Order that she could not bring those claims against the State Defendants in the Amended Complaint. Plaintiff's failure to comply with the Court's prior Order provides an independent basis for dismissal. Fed. R. Civ. P. 41(b). Plaintiff's apparent unwillingness to follow the Court's directions also indicates that further leave to amend the pleadings would be futile.

Second, the case remains a de facto appeal of the Oregon state court decisions because it (1) alleges legal errors by the Oregon state court, Am. Compl. ¶ 12, and (2) seeks "Restor[ation] of Plaintiff's full parental rights in accordance with Utah law." As the Court explained in its prior order, this sort of collateral attack on a state court judgment is barred by the *Rooker-Feldman* doctrine. *Lance v. Dennis*, 546 U.S. 459, 463 (2006).

Plaintiff has not included allegations that would render her claims under § 1983 or § 1985 timely. As the Court previously explained, claims under § 1983 and § 1985 are subject to a two-year limitations period. *Sain v. City of Bend*, 309 F.3d 1134,

1139 (9th Cir. 2002); *McDougal v. Cnty. of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991). As in the previous Complaint, Plaintiff alleges that the Oregon custody case that forms the basis of her claims dates to 2022. Am. Compl. ¶ 11. In the Amended Complaint, Plaintiff alleges that she has been "denied visitation, parenting time, and communication with [h]er child since May 5, 2023." *Id.* at ¶ 23. Even if the Court were to accept this later date as the commencement of the limitations period, the claims would still be untimely because Plaintiff did not commence this action until June 9, 2025, which is more than two years later. The §§ 1983 and 1985 claims remain untimely.

Despite guidance in the prior Order, Plaintiff has not included any allegations that Matthew Ewing or Terry Ewing are state actors for purposes of § 1983.

With respect to the *Heck* doctrine, Plaintiff has included the additional allegations that she took a plea deal to unspecified charges and that she was incarcerated in Oregon as a result. Am. Compl. ¶¶ 17, 21. While these new allegations provide more clarity than the original Complaint, they do not indicate that Plaintiff's conviction has been invalidated. Plaintiff's claims still run afoul of the *Heck* doctrine.

In the Amended Complaint, Plaintiff clarifies that she also brings a state law claim for malicious prosecution. This claim fails because an essential element of a claim for malicious prosecution under Oregon law is the "termination of the proceedings in the plaintiff's favor." *Perry v. Rein*, 215 Or. App. 113, 125 (2007). The criminal charges were not resolved in Plaintiff's favor as she alleges that she took a

plea deal and was incarcerated. As with the claims barred by the *Heck* doctrine, Plaintiff's state law claim for malicious prosecution fails.

Plaintiff's state law claims also include a reference to a claim for abuse of process. In Oregon, an abuse of process claim has two main elements: "[f]irst, an ulterior purpose, and second, a wil[l][ful act in the use of the process not proper in the regular conduct of the proceeding." *Larsen v. Credit Bureau, Inc. of Georgia*, 279 Or. 405, 408 (1977) (internal quotation marks and citation omitted). Additionally, a plaintiff must have "suffered an actual arrest or a seizure of property" that resulted from the abuse of process. *Reynolds v. Givens*, 72 Or. App. 248, 255 (1985) (internal quotation marks and citation omitted). Here, Plaintiff has not alleged a seizure of property. She was arrested and criminally prosecuted but not by any named Defendant who is not protected by Eleventh Amendment immunity. Furthermore, there is no liability for abuse of process "where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Larsen*, 279 Or. at 408 (internal quotation marks and citation omitted). Plaintiff entered a guilty plea in the underlying criminal case and the process was carried to its authorized conclusion. There is nothing in the Amended Complaint to support a claim for abuse of process and this claim is dismissed.

Finally, Plaintiff has brought a claim for intentional infliction of emotional distress ("IIED"). Under Oregon law, a plaintiff asserting a claim for IIED must prove: "(1) the defendant intended to inflict severe emotional distress on the plaintiff, (2) the defendant's acts were the cause of the plaintiff's severe emotional distress, and

(3) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct." *McGanty v. Staudenraus*, 321 Or. 532, 543 (1995) (en banc) (internal quotation marks and citation omitted). For the defendant's acts to constitute an extraordinary transgression, the conduct alleged must be "outrageous in the extreme." *Watte v. Maeyens*, 112 Or. App. 234, 239 (1992). "Conduct that is merely rude, boorish, tyrannical, churlish and mean does not satisfy that standard, nor do insults, harsh or intimidating words, or rude behavior ordinarily result in liability even when intended to cause distress." *Id.* (internal quotation marks and citation omitted).

Here, the alleged facts show that (1) Matthew and Terry Ewing sought and apparently received custody of the minor child through regular court proceedings; and (2) that Plaintiff was separately prosecuted for unspecified criminal offenses to which she pleaded guilty. This does not amount to conduct that is outrageous in the extreme and Plaintiff's IIED claim fails.

For the reasons set forth above, Plaintiff's claims must be dismissed. As noted, the Court has already given Plaintiff leave to amend once before with the benefit of instruction on the deficiencies of the original Complaint and courts have "particularly broad" discretion to deny leave to amend where the plaintiff has already had one or more opportunities to amend a complaint. *Chodos v. West Publ'g*, 292 F.3d 992, 1003 (9th Cir. 2002). As noted, Plaintiff repleaded claims that were dismissed with prejudice, which suggests that Plaintiff would not abide by further instructions. The

Court concludes that granting further leave to amend would be futile. Dismissal shall therefore be without further leave to amend.

## CONCLUSION

For the reasons set forth above, this case is DISMISSED without further leave to amend and final judgment shall be entered accordingly.

It is so ORDERED and DATED this ___24th___ day of June 2025.

      /s/Ann Aiken
      ANN AIKEN
      United States District Judge